**Arsene CHAMBERLANT,**
**Plaintiff–Appellant,**

v.

**A & P and Willie Figueroa,**
**Defendants–Appellees.**

No. 06–3536–cv.

United States Court of Appeals,
Second Circuit.

Sept. 7, 2007.

Arsene Chamberlant, White Plains, NY, pro se.

John P. Barry, Proskauer Rose LLP, Newark, NJ, for Appellees.

PRESENT: Hon. JON O. NEWMAN, Hon. RALPH K. WINTER, Hon. ROBERT A. KATZMANN, and Circuit Judges.

### SUMMARY ORDER

Appellant Arsene Chamberlant, *pro se*, appeals the district court's order dismissing his complaint pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e–17. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's decision to dismiss a complaint for failure to state a claim, taking all factual allegations in the complaint as true and construing all reasonable inferences in favor of the plaintiff. *See Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir.2000). "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007)(internal quotation marks omitted). To the extent that the complaint was dismissed for lack of subject-matter jurisdiction, we review that decision *de novo* as well. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir.2000).

■ Chamberlant's brief fails to address the district court's conclusion that he raised only his national origin claim before the EEOC. A party who fails to raise an issue on appeal waives that issue. *See Local Union No. 38, Sheet Metal Workers' Intern. Ass'n, AFL–CIO v. Pelella*, 350 F.3d 73, 87 (2d Cir.2003). Even reading Chamberlant's *pro se* brief liberally, as is required, *see Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475–76 (2d Cir.2006) (per curiam), his brief can be read to challenge, at most, the district court's determination that the circumstances surrounding the negative letter of recommendation did not raise an inference of discrimination.

■ Chamberlant's claims based on other protected classes would in any event fail for the same reason his national origin claim fails; namely, he failed to establish circumstances giving rise to an inference of discrimination and therefore failed to establish a *prima facie* case. *See Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 767 (2d Cir.2002). Because the district court dismissed Chamberlant's claims based on grounds other than national origin for lack of exhaustion before the EEOC, it did not expressly consider whether the use of the word "cunning" might raise an inference as to a protected class other than national origin. However, the record reflects that Chamberlant was afforded ample opportunity to present evidence that the defendants acted with discriminatory animus and that he failed to adduce such evidence as to any protected class. Furthermore, he does not assert the existence of such evidence in his brief to this Court, and has thus waived this issue as well. *See Pelella*, 350 F.3d at 87.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**